1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11 | 3|5|2 CAPITAL GP LLC, on behalf of 3|5|2 CAPITAL ABS MASTER FUND LP,

CASE NO. 2:24-cv-01172-TL

12

Plaintiff,

ORDER ON MOTION TO REMAND

13 | v.

14 | RYAN WEAR and JANE DOE WEAR, husband and wife and their marital community comprised thereof, et al.,

15

16

Defendants.

17

18

19      This matter is before the Court on Plaintiff's motion to remand. Dkt. No. 8. Having

20 considered Defendants' response (Dkt. No. 10), Plaintiff's reply (Dkt. No. 11), and the relevant

21 record, the Court GRANTS Plaintiff's motion.

22                          I.    BACKGROUND

23      This case arises out of the alleged fraudulent scheme by Defendants Wear and Water

24 Station Management to misappropriate more than $100 million of bond proceeds funded by

Plaintiff for the purpose of purchasing WST-700 water station vending machines.[1] Dkt. No. 1-1 ¶ 1.2. On July 3, 2024, Plaintiff filed a complaint in the U.S. District Court for the Southern District of New York, in the action captioned *352 Capital GP LLC v. Wear et al.*, No. C23-5102 (S.D.N.Y.). On July 18, 2024, Plaintiff filed a related civil action in Snohomish County Superior Court, seeking to void transfers of bond proceeds and transfers of or obligations incurred with respect to the Water Machines and related agreements. *See* Dkt. No. 1; Dkt. No. 1-1 ¶ 5.16.

On August 1, 2024, Defendants removed the Superior Court action to this District on the basis of diversity jurisdiction. Dkt. No. 1 at 3. In the notice of removal, Defendants asserted that "Plaintiff 352 Capital GP LLC purports to be a Cayman Islands limited liability company that acts as the general partner of the 352 Fund, under Cayman Islands law," and that "Defendants are purportedly organized and exist in multiple states including Washington, Pennsylvania, Indiana, Texas, and other states." *Id.* On August 8, 2024, Defendants filed an amended notice of removal that stated "Plaintiff 352 Capital GP LLC purports to be a Cayman Islands limited liability company that acts as the general partner of the 352 Fund, under Cayman Islands law," that "Ryan Wear is a Washington state resident," and that "[a]fter reasonable inquiry and upon information and belief, none of the Plaintiff's members or partners share the same state or citizenship as any of the defendants' members." Dkt. No. 6 at 3.

Plaintiff now seeks to remand this case back to state court. Dkt. No. 8.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *E.g.*, *Hansen v. Grp. Health Cooperative*, 902 F.3d 1051, 1056 (9th Cir. 2018). As a general matter, federal courts have jurisdiction over

---

[1] Defendant Wear is alleged to be the owner and chief executive officer of Defendant Water Station Management. Dkt. No. 1-1 ¶ 2.2. All other Defendants are limited liability companies that are alleged to be majority owned and controlled by Defendant Wear. *Id.* ¶¶ 2.4–2.15. All Defendants, excepting Defendant Wear, are the "Entity Defendants," also referred to in the Complaint as the "Wear Entities."

1    all cases "arising under" federal law ("federal question jurisdiction") and certain cases involving

2    citizens of different states ("diversity jurisdiction"). *Id.*; *see also* 28 U.S.C. §§ 1331, 1332. If

3    neither basis for federal jurisdiction exists, a case may ordinarily only be brought in state court.

4    *Hansen*, 902 F.3d at 1056.

5         A defendant may remove cases that fall within a federal court's original jurisdiction. 28

6    U.S.C. § 1441(a). However, "[r]emoval and subject matter jurisdiction statutes are strictly

7    construed, and a defendant seeking removal has the burden to establish that removal is proper

8    and any doubt is resolved against removability." *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*,

9    761 F.3d 1027, 1034 (9th Cir. 2014) (internal citations and quotation omitted). Given the strong

10   presumption against removal, any doubts regarding the right to removal must be resolved in

11   favor of remand to state court. *Hansen*, 902 F.3d at 1057; *Matheson v. Progressive Specialty Ins.*

12   *Co.*, 319 F. 3d 1089, 1090 (9th Cir. 2003). Accordingly, the party seeking removal bears the

13   burden of establishing federal jurisdiction. *E.g.*, *Rodriguez v. AT&T Mobility Servs. LLC*, 728

14   F.3d 975, 978 (9th Cir. 2013). "If a district court determines at any time that less than a

15   preponderance of the evidence supports . . . removal, it must remand the action to the state

16   court." *Hansen*, 902 F.3d at 1057.

17        Per statute, a remand order "*may* require" payment of attorney fees by the removing

18   party. 28 U.S.C. § 1447(c) (emphasis added). "Absent unusual circumstances, courts may award

19   attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable

20   basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "In

21   applying this rule, district courts retain discretion to consider whether unusual circumstances

22   warrant a departure from the rule in a given case." *Id.* The objective reasonableness of removal

23   depends on whether the applicable law "clearly foreclosed" the arguments in support of removal.

24   *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066–67 (9th Cir. 2008).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### III.   DISCUSSION

**A.   Motion to Remand**

Plaintiff seeks remand for two reasons: first, because Defendants did not identify the citizenships of the members and/or partners of 352 GP, the fund on whose behalf this action was brought, or the Entity Defendants, and therefore failed to meet their burden to establish complete diversity; and second, because there is not in fact complete diversity in this action, as there are Indiana citizens on both sides of this case. Dkt. No. 8 at 7.

**1.   Defendants' Demonstration of Complete Diversity**

Remand is proper here because Defendants have failed to satisfy their burden of showing that diversity jurisdiction exists in this action. Courts within this Circuit have held that a removing party must generally affirmatively allege the citizenship of each of a partnership party's members in order to establish that complete diversity exists. *See, e.g.*, *5AIF Juniper 2, LLC v. White*, No. C22-1162, 2023 WL 2634404, at *4 (D. Nev. Mar. 23, 2023) (listing cases); *Star Ins. Co. v. West*, No. C10-8171, 2010 WL 3715155, at *1 (D. Ariz. Sept. 13, 2010) ("What is required in a notice of removal when a LLC is a named party are affirmative allegations specifically identifying each member of the LLC and specifying each member's state of citizenship."). *But see Cannamark, Inc. v. Lighthouse Strategies, LLC*, No. C18-1629, 2019 WL 77056, at *2 (W.D. Wash. Jan. 2, 2019) (denying motion to remand where defendants alleged in notice that "Lighthouse Strategies, LLC 'has 86 members, and all 86 members are citizens and residents of California, Massachusetts, Nevada, Texas, Delaware, Illinois, New Jersey, New York, and New Hampshire, and none are citizens and residents of Washington'"). Here, the original notice of removal simply stated that "Plaintiff 352 Capital GP LLC purports to be a Cayman Islands limited liability company that acts as the general partner of the 352 Fund, under Cayman Islands law." Dkt. No. 1 at 3. This does not affirmatively establish the citizenship of the

members of either 352 Capital GP LLC or the 352 Fund and is insufficient to establish that complete diversity exists.

However, the amended notice of removal adds that "[a]fter reasonable inquiry and upon information and belief, none of the Plaintiff's members or partners share the same state or citizenship as any of the defendants' members." Dkt. No. 6 at 3. The Ninth Circuit has held that "when information regarding a defendant that is necessary to establish diversity of citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting specific details regarding the citizenship of those defendants." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014). However, in *Carolina*, the court determined that the plaintiff had "made a showing that at least some of the information necessary to establish the diversity of the parties' citizenship was within the defendants' control," and the Ninth Circuit held that the plaintiff "should have been permitted to plead its allegations on the basis of information and belief." *Id.* at 1087. And in other cases where jurisdictional allegations plead on information and belief have been permitted, plaintiffs have made a showing of their efforts to allege the particular citizenship of each defendant with the information reasonably at their disposal. *See, e.g.*, *Starr Indem. & Liab. Co. v. Point Ruston LLC*, No. C20-5539, 2021 WL 3418824, at *5 (W.D. Wash. Aug. 5, 2021) ("Plaintiff offered evidence in the form of a declaration by one of its attorneys that searches were performed on the Washington Secretary of State Website to identify the citizenship of business entities, and that searches were performed on white.pages.com, various county assessor websites, and "via the Cozen O'Connor library which utilizes the TLO search engine.""); *Boruta v. JPMorgan Chase Bank, N.A.*, No. C19-3164, 2019 WL 4010367 (N. D. Cal. Aug. 26, 2019) ("The Borutas are not trying to plead jurisdiction based on information and belief because they do not know the citizenship of Chase (or Quality).

They also have not made any non-conclusory showing that at least some of the information necessary to establish diversity is within Chase's control. *Carolina* is easily distinguishable and is of no help to the Borutas."). The Court agrees that some showing of the effort a party makes to determine this information is needed to ensure a removal motion is not a matter of mere gamesmanship with no substance.

Here, Defendants could have made the assertion on information and belief in their original removal motion but failed to do so. Even in attempting to correct the removal notice, Defendant's only explanation in a footnote regarding their reasonable inquiry is that "Counsel informally requested a full listing of the membership of the Plaintiff LLC and LP." Dkt. No. 6 at 3.

"[I]t is well established that [the party invoking diversity jurisdiction] must trace through however many layers of partners or members there may be to establish the citizenship of the underlying parties." *Asana Partners Fund II Reit 14 LLC v. Heath Fam. I LLC*, No. C20-1034, 2020 WL 7241449, at *3 (W.D. Wash. Dec. 9, 2020) (cleaned up). In their response to Plaintiff's motion, Defendants assert they "combed the public record for any type of listing of members" but both their response and the accompanying declaration are noticeably silent as to whether this effort occurred before or after the filing of the removal notice. Dkt. No. 10 at 6; *see generally* Dkt No. 10-1. Had the effort been made prior to the filing of the removal notice, one would think this information naturally would have been provided in the amended notice, especially since it was amended specifically to add the language regarding their reasonable inquiry. Defendants then go on to explain in their response that they "requested the information directly from Plaintiff immediately *after* the meet and confer." Dkt. No. 10 at 6. However, the meet and confer occurred on August 7, 2024 (Dkt. No. 10-1 ¶ 5), which was *after* Defendants filed their original removal notice. If Defendants were having such a difficult time finding the information, they

could have called Plaintiff before filing the notice and included both an explanation of their

research efforts as well as Plaintiff's unwillingness to provide the information.

The Court finds that Defendants have not made a showing of any reasonable efforts to

determine the information prior to their filing of the notice of removal. Because they have not

alleged the citizenship of the members of 352 Capital GP LLC and the 352 Fund or made an

adequate showing of their efforts to allege the particular citizenship of each, Defendants have not

established complete diversity and remand is appropriate.

### 2.    Whether Complete Diversity Exists

Remand is also proper because there is not complete diversity between the parties.

Defendants originally asserted that at least one of the Entity Defendants has Indiana citizenship.

Dkt. No. 1 at 3 (original notice of removal). While they now attempt to argue that Defendants'

citizenship is disputed (*see* Dkt. No. 10 at 3), Tyler C. Sadek, an individual that resides in the

state of Indiana, has membership interests in a number of Defendant entities (*see, e.g.*, Dkt. No.

8-2 at 89–90, 92).[2] Thus, at least one Defendant is a citizen of the state of Indiana.

Plaintiff also has Indiana citizenship. *See* Dkt. No. 8 at 4. Plaintiff—the 352 Fund—is a

Cayman Islands exempted limited partnership. Dkt. No. 8-1 ¶ 3; *see also* Fed. R. Civ. P. 17(a)(1)

("An action must be prosecuted in the name of the real party in interest."). Defendants argue that

because Plaintiff is a foreign limited partnership, Plaintiff's citizenship should be treated as if it

is a corporation, citing to *Puerto Rico v. Russell & Co.*, 288 U.S. 476 (1933). Dkt. No. 10 at 4.

*Russell* addressed the question of the citizenship of a Puerto Rican *sociedad en comandita*,

finding that because "[i]n the law of its creation, the sociedad is consistently regarded as a

juridical person," it was comparable to a corporation for purposes of federal jurisdiction. 288

---

[2] While Defendants argue that Ryan Wear has not acquiesced to Sadek's equity ownership, he has not challenged it to date.

U.S. at 481–82. Defendants argue that under *Russell*, the Court must analyze the legal features of Plaintiff as a foreign entity, "emphasizing the standard elements of legal personhood (perpetual existence, the right to contract and do business in its own name, and the right to sue and be sued), the ability to issue tradable shares, limited liability of investors, and treatment as independent from equity investors." Dkt. No. 10 at 4 (citing *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003)). The result, Defendants argue, is that Plaintiff must be treated as a corporation for purposes of federal jurisdiction, with its principal place of business established as the Cayman Islands—a diverse citizenship from that of Defendants. *Id.* at 5.

But as Plaintiff notes and as explained in *Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co.*, 759 F.3d 787 (7th Cir. 2014), the proposition that every juridical person—"that is, every entity that can own property, make contracts, transact business, and litigate in its own name—is a corporation for the purpose of § 1332 no matter what other attributes it has or lacks" is "indeed wrong." 759 F.3d at 789. American LLCs have the citizenship of every member investor, and the rule is the same for "functionally identical entities established under other nations' laws." *Id.* at 789–90; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (holding that in a suit brought by a limited partnership, the citizenship of the limited partners must be taken into account for purposes of determining diversity of citizenship); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *Ann v. Lone Star Fund IV (U.S.), L.P.*, No. C22-1734, 2023 WL 5727317 (N.D. Tex. Aug. 22, 2023) (applying the *Carden* analysis for limited partnerships to foreign limited partnership).[3]

---

[3] The Court notes that the Ninth Circuit has not addressed the issue of the citizenship of a foreign limited partnership directly following the Supreme Court's decision in *Carden*.

Here, Plaintiff is 352 Fund, a Cayman Islands limited partnership. Dkt. No. 8 at 4. Thus, it has the citizenship of every member investor—at least one of which is a citizen of the state of Indiana. *See* Dkt. No. 8-1 ¶ 4l; Dkt. No. 7 at 2 (corporate disclosure statement). Because at least one Defendant is also a citizen of the state of Indiana, there is not complete diversity of citizenship in this case. Remand is therefore appropriate.

**B.   Plaintiff's Request for Fees and Costs**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of fees is left to the discretion of the Court, and a finding of bad faith is not required. *See Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1487 (9th Cir. 1995). The test for whether fees should be awarded is whether removal was reasonable at the time it occurred. *See Kertis v. Equilon Enters. LLC*, No. C20-526, 2020 WL 4431121, at *1 (W.D. Wash. July 31, 2020) ("[W]hether Plaintiff is entitled to be reimbursed for his fees and costs turns on whether the removal was objectively reasonable at the time that it occurred.").

In response to the instant motion, Defendants offer no justification for their improper removal of this action. *See* Dkt. No. 10. Defendants only argue that: (1) their notice of removal is "actually not defective," an argument the Court rejects; and (2) "Plaintiffs' counsel definitely did not say they had citizens of Indiana as members/partners." *Id.* at 7. But it is the removing party's burden to showing that diversity jurisdiction exists, and Defendants make no argument about the due diligence they undertook *prior to removal* in order to ensure complete diversity. *See 5AIF Juniper 2*, 2023 WL 2634404, at *4; Dkt. No. 10-1 ¶ 5.

Defendants make no response to Plaintiff's argument regarding the suspect timing of Defendants' notice of removal. Plaintiff argues that because Defendants' notice of removal was filed "the day before a hearing was to be held concerning Plaintiff's motion for a prejudgment

writ of attachment over the Defendants' assets, . . . Defendants were able to delay that hearing." Dkt. No. 8 at 10–11. In light of Defendants' failure to make a reasonable inquiry *prior* to filing their notice of removal, the suspect timing of removal, and Defendants' lack of basis for removal, the Court finds that an award of fees is appropriate.

**C.    Automatic Stay as to Some Defendants**

Pursuant to 11 U.S.C. § 362, an automatic bankruptcy stay is in effect as to Defendants Water Station Management, LLC, and Refreshing USA, LLC. *See* Dkt. No. 10 at 2. Thus, this action is STAYED as to Defendants Water Station Management, LLC, and Refreshing USA, LLC.

However, sanctions for litigation conduct are a recognized exception to the automatic stay. *See In re Berg*, 230 F.3d 1165, 1167–68 (9th Cir. 2000) ("[A] claimant may proceed to collect attorneys' fees imposed as a sanction for the debtor's improper conduct in litigation without regard to the automatic stay.").

## IV.    CONCLUSION

Accordingly, it is hereby ORDERED:

(1)    Plaintiff's Motion to Remand (Dkt. No. 8) is GRANTED IN PART and DENIED IN PART. This action is STAYED as to Defendants Water Station Management, LLC and Refreshing USA, LLC. As to all other Defendants, this case is REMANDED to Snohomish County Superior Court.

(2)    Plaintiff's request for fees and costs is GRANTED and Defendants are ORDERED to pay just costs and any actual expenses, including attorney fees, incurred as a result of the removal:

a.    Plaintiff SHALL file an accounting of the attorney fees requested **within fourteen (14) days** of this Order.

b.   Defendants SHALL have **seven (7) days** to file any objections to the accounting.

c.   If Defendants have no objections to the accounting, they SHALL pay Plaintiff the requested amount **within twenty-eight (28) days** of this Order and file a certification that the amount has been paid.

Dated this 7th day of October 2024.

Tana Lin
United States District Judge