# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| 3\|5\|2 CAPITAL GP LLC, on behalf of 3\|5\|2 CAPITAL ABS MASTER FUND LP,<br><br>Plaintiff,<br>v.<br><br>RYAN WEAR and JANE DOE WEAR, husband and wife and their marital community comprised thereof, et al.,<br><br>Defendants. | CASE NO. 2:24-cv-01172-TL<br><br>ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AWARDING ATTORNEY FEES |

    This case arises out of the alleged fraudulent scheme by Defendants Wear and Water Station Management to misappropriate bond proceeds funded by Plaintiff for the purpose of purchasing water station vending machines. Dkt. No. 1-1 ¶ 1.2. This matter is before the Court on Plaintiff's Motion for Entry of Judgment Awarding Attorneys' Fees. Dkt. No. 13. Having considered Defendants' response (Dkt. No. 15) and the relevant record, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

## I.  BACKGROUND

On July 3, 2024, Plaintiff filed a complaint in the U.S. District Court for the Southern District of New York, in the action captioned *352 Capital GP LLC v. Wear et al.*, No. C23-5102 (S.D.N.Y.). On July 18, 2024, Plaintiff filed a related civil action in Snohomish County Superior Court, seeking to void transfers of bond proceeds and transfers of, or obligations incurred with respect to, the Water Machines and related agreements. *See* Dkt. No. 1; Dkt. No. 1-1 ¶ 5.16.

On August 1, 2024, Defendants[1] removed the Superior Court action to this District on the basis of diversity jurisdiction, asserting: "Plaintiff 352 Capital GP LLC purports to be a Cayman Islands limited liability company that acts as the general partner of the 352 Fund, under Cayman Islands law," and that "Defendants are purportedly organized and exist in multiple states including Washington, Pennsylvania, Indiana, Texas, and other states." Dkt. No. 1 at 3. On August 8, 2024, Defendants filed an amended notice of removal that stated that Plaintiff 352 Capital GP LLC purports to be a Cayman Islands limited liability company that acts as the general partner of the 352 Fund, under Cayman Islands law," that "Ryan Wear is a Washington state resident," and that "[a]fter reasonable inquiry and upon information and belief, none of the Plaintiff's members or partners share the same state or citizenship as any of the defendants' members." Dkt. No. 6 at 3.

Plaintiff filed a Motion to remand, asserting two grounds: (1) Defendants did not identify the citizenships of the members and/or partners of 352 GP, the fund on whose behalf this action was brought, or the Entity Defendants and, therefore, failed to meet their burden to establish complete diversity; and (2) there is not in fact complete diversity in this action, as there are Indiana citizens on both sides of this case. Dkt. No. 8 at 7.

---

[1] The term "Defendants" in this Order refers to all of the named defendants collectively.

The Court found that Defendants neither made a showing of any reasonable efforts to determine the information prior to their filing of the notice of removal nor established complete diversity and that, consequently, remand was appropriate. Dkt. No. 12 at 6–7. The Court further held that there was not complete diversity of citizenship and remanded the case. *Id.* at 9. As the Court found that Defendants had failed to make a reasonable inquiry prior to filing their notice of removal, the timing of removal was suspect, and Defendant lacked any basis for removal, the Court awarded fees and costs to Plaintiff.

Plaintiff has submitted a request for attorney fees in the amount of $49,022.53, claiming 59.7 hours of time spent principally between six attorneys related to the motion to remand. Dkt. No. 13 at 3, Dkt. No. 13-2 at 5. Defendants oppose the request and ask the Court to reduce the fee request to $4,835.00 and to reduce the hours required for the motion for remand to 12 hours. Dkt. No. 15 at 2.

## II. Legal Standard

Under a fee-shifting statute such as 28 U.S.C. § 1447(c), "the court 'must calculate awards for attorney fees using the 'lodestar' method." *Staton v. Boeing Co.*, 37 F.3d 938, 965 (9th Cir. 2003) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)); *see also Sankary v. Ringgold*, 601 F. App'x 529, 530 (9th Cir. 2015) (unpublished). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *see also Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193, 204 (1983). Courts in the Ninth Circuit look to the factors enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), to determine the overall reasonableness of a fee request:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

"[T]he district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland*, 244 F.3d at 1149 n.4 (citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000)). For example, the court may discount hours spent on unsuccessful claims, overstaffing, duplicated or wasted effort, or otherwise unproductive time. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *Bowers*, 100 Wn.2d at 597, 600.

### III.   DISCUSSION

#### A.   Reasonableness of Hours

"The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). As noted above, the Court excludes those hours that were not reasonably expended because they were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007).

"Remand motions are typically not particularly novel or difficult." *Harris v. Moore*, No. C16-1683, 2017 WL 1405796, at *3 (W.D. Wash. Apr. 18, 2017). The Court finds that this is

true in this case. In Plaintiff's Motion to Remand, he argued: "This is not a close question . . . . Plaintiff should therefore also be awarded its costs and fees associated with this motion to remand." Dkt. No. 8 at 4. And in his reply, Plaintiff twice argued there was no dispute that diversity jurisdiction did not exist. *See* Dkt. No. 11 at 1 ("There is no dispute that diversity jurisdiction is lacking as there are Indiana citizens on both sides of this case."), 6 ("There is no serious dispute that the Entity Defendants failed to establish any basis for the exercise of diversity jurisdiction."). The Court agrees, and that it was not a "close question" also means that the motion was not a difficult one.

For this fairly standard and straightforward motion, Plaintiff asserts he needed six attorneys and nearly 60 hours of time to brief it, even with the involvement of three attorneys who have nearly two to three decades of experience each. Dkt. No. 13-2 at 4. Having reviewed each time entry, the Court finds the number of attorneys and number of hours spent on the brief was unreasonable under the circumstances and therefore warrants a reduction in hours.

Courts in this circuit have found that 6 to 12 hours is a reasonable amount of time for an experienced attorney to expend on a standard motion to remand and find 20 to 30 hours reasonable for motions to remand in cases that involve complex or atypical issues. *See Dipak Patel v. Hero, LLC*, No. C24-2959, 2024 WL 2875045, at *2 (C.D. Cal. June 7, 2024) (approving as reasonable a total of 8.7 hours in connection with the notice of removal and motion to remand); *Hawkins v. Ace Am. Ins. Co.*, No. C21-1459, 2023 WL 2584909, at *2 (W.D. Wash. Mar. 21, 2023) (reducing hours requested for a standard motion to remand from 51.2 to 12 hours where attorney had over two decades of experience); *Magnoliadrhomes LLC v. Kahn*, No. C21-3682, 2021 WL 3286830, at *3 (N.D. Cal. Aug. 2, 2021) (holding 12 hours to be a reasonable amount of time spent on a successful motion to remand based on forum defendant rule); *Hutchinson v. Garrison Prop. & Cas. Ins. Co.*, No. C18-656, 2018 WL 3207592, at *2

(W.D. Wash. June 29, 2018) (reducing hours requested for a short motion to remand and reply from 15.8 to 6); *Harris v. Moore*, No. C16-1683, 2017 WL 1405796, at *2–3 (W.D. Wash. Apr. 18, 2017) (reducing hours requested for attorney fees on briefing for motion for remand that involved "complex facts and atypically nuanced law" from 50 hours to 30.2 hours); *Von Kleist v. Graoch 161-1 GP, Inc.*, No. C11-5938, 2012 WL 13018830, at *4 (W.D. Wash. Jan. 9, 2012) (finding 21 hours reasonable for a motion to remand where the issues were fairly complex, involving an underlying judgment in the context of a complex business arrangement and enforcement of a judgment in that underlying action). Accordingly, the Court agrees with Defendants' assessment that awarding attorney fees based on 12 hours of work is appropriate under the circumstances present in this case. However, the Court will add an additional hour for local counsel's time. Local counsel did not need to draft or do major review of the briefing given the number of other lawyers working on it. However, local counsel still "must review and sign all motions and other filings [and] ensure that all filings comply with all local rules of this court." LCR 83.1(d)(2). To avoid blessing redundant or duplicative work, the Court breaks down 12 hours deemed reasonable as follows: 7.9 hours for the drafting of the motion by Dimitry Gelfand, 1.5 hours for review and revision by Peter Behmke, 2.3 hours for review and revision by Scott Balber, and 0.3 hours for the meet and confer handled by local counsel Sean Small. The Court will then add 1 hour for local counsel's review of the briefing. Therefore, the Court finds a total of 13 hours to be reasonable in this case.

**B.     Reasonableness of Hourly Rates**

The established rate for billing clients may be a reasonable hourly rate, but it is not conclusive. *Bowers*, 100 Wn.2d at 597. "[B]illing rates 'should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.'" *Welch v. Metro. Life Ins. Co.*,

480 F.3d 942, 946 (9th Cir. 2007) (quoting *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992)), *opinion vacated in part on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993)). The court may consider the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case. *Bowers*, 100 Wn.2d at 597; *see also Chalmers*, 796 F.2d at 1210–11. Affidavits of the attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for an attorney, are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). Finally, in determining a reasonable hourly rate, courts generally consider the forum in which the district court sits as the relevant community when determining a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). "'[R]ates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" *Id.* (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir.1997)) (internal citation and quotation marks omitted).

"If a party seeking fees fails to meet its burden in establishing the reasonableness of its requested rate[s], 'the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community.'" *Magbanua v. Evans*, No. C19-1144, 2021 WL 4706993, *2 (C.D. Cal. May 21, 2021); *see also Yuga Labs, Inc. v. Ripps*, No. C22-4355, 2024 WL 489248, at *5 (C.D. Cal. Jan. 11, 2024)). First, Plaintiff does not contend that an exception to the general rule applies in this case, *see Barjon*, 132 F.3d at 500; therefore, the relevant community is the Western District of Washington. Second, Plaintiff fails

to provide sufficient evidence that the rates requested reflect the prevailing rate in the relevant legal community. The only mention of reasonable rates in the Western District of Washington is Plaintiff's counsel's representation that the rates reflected for the attorneys from Lasher Holzapfel Sperry & Ebberson, PLLC ("Lasher") "are consistent with attorney billing rates in King County, Washington, for commercial litigation attorneys with similar experience and reputation." Dkt. No. 13-2 at 3–4. Plaintiff made no effort to provide the Court with any cases or other evidence supporting this assertion, and the Court will not go searching for them. Defendants present a table setting forth hourly rates approved in cases where a party prevailed on a motion to remand in the Ninth Circuit since 2019. Dkt. No. 15 at 8–9. While helpful, the Court notes that none of them seem to involve a commercial litigation dispute,[2] and a number of the rates are several years old at this point. Nevertheless, this is the information before the Court. Looking at the most recent examples, in 2023 in *Hawkins*, an hourly rate of $500 for an attorney with 20 years' experience was found reasonable. 2023 WL 2584909, at *2. And more recently, in February 2024, an hourly rate of $525 for an attorney with more than 26 years of experience was found reasonable. *Yahne v. A1A, Inc.*, No. C22-1406, 2024 WL 416941, at *2 (W.D. Wash. Feb. 5, 2024). But both of these rates were for personal-injury attorneys who often take cases on a contingent fee basis, so they are not directly comparable for commercial litigation attorneys with "billing clients."

       The Court bases its ruling on reasonable hourly rates on the following considerations: (1) the figures discussed above; (2) that Lasher's billing client rates have been attested to by an officer of the Court; and (3) the Court's own experience. Taking into account these considerations, the Court finds that the rates provided for the Lasher attorneys are reasonable. As

---

[2] Neither party presented argument on the comparability of commercial litigation rates to rates for other practices, such as personal injury.

Mr. Behmke's experience is roughly equivalent to Mr. Small, the Court will allow a reasonable hourly rate of $650 for Mr. Behmke. The Court also finds the rate for Ms. Pendleton to be reasonable for a commercial litigator based upon the Court's experience. Mr. Gelfand, an associate at his firm, has slightly less experience than Julie Pendleton, who is a principal at Lasher; therefore, the Court will allow a reasonable hourly rate of $350 for him. As Mr. Balber has a decade more experience than Mr. Small, the Court will find $750 to be a reasonable rate for him. Accordingly, Plaintiff is awarded attorney's fees as follows:

- 7.9 hours at the rate of $350 for Dimitry Gelfand ($2,765);
- 1.5 hours at the rate of $650 for Peter Behmke ($975);
- 2.3 hours at the rate of $750 Scott Balber ($1,725); and
- 1.3 hours at the rate of $650 for Sean Small ($845).

Accordingly, the Court awards Plaintiff attorney fees in the amount of $6,310. Finally, as the Court's lodestar analysis already considers the *Kerr* factors argued by Defendants, the Court finds that a further reduction under *Kerr* is not needed.

//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

Accordingly, the Court ORDERS:

1. The Court GRANT IN PART and DENIES IN PART Plaintiff's motion. The Court hereby AWARDS Plaintiff attorney fees from Defendants in the amount of $6,310.

2. Defendants SHALL pay Plaintiff within **fourteen (14) days** of this Order and SHALL file with the Court a certificate of compliance upon making the payment.

Dated this 18th day of November 2024.

Tana Lin
United States District Judge