UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 3\|5\|2 CAPITAL GP LLC, on behalf of 3\|5\|2 CAPITAL ABS MASTER FUND LP,<br><br>  Plaintiff,<br>  v.<br><br>RYAN WEAR and JANE DOE WEAR, husband and wife and their marital community comprised thereof, et al.,<br><br>  Defendants. | CASE NO. 2:24-cv-01172-TL<br><br>SECOND ORDER REMANDING ACTION |

On October 7, 2024, this case was stayed in part as to claims against defendants Water Station Management, LLC and Refreshing USA, LLC, which are in bankruptcy proceedings (collectively, "Debtors"), and otherwise remanded to the Snohomish County Superior Court. *See* Dkt. No. 12. In resisting remand, Defendants requested that "all further action in regard to the subject action be stayed in regard to the Debtors." Dkt. No. 10 at 2. On reply, Plaintiff asserted that sanctions for litigation conduct are not subject to the automatic bankruptcy stay. Dkt. No. 11

SECOND ORDER REMANDING ACTION - 1

at 9. The Court agreed with this premise. *See* Dkt. No. 12 at 10. However, now that the Court has awarded attorney fees pursuant to 28 U.S.C. § 1447(c) to Plaintiff and against all Defendants in the amount of $6,310 (Dkt. No. 18), and Plaintiff has certified that fees have been paid (Dkt. No. 21).

The attorney fee issue having been resolved, the Court now remands the remainder of this case to Snohomish County Superior Court. To the extent Defendants suggest that a bankruptcy stay precludes remand, they are incorrect. A remand to state court is not a "continuation" of an action, and therefore, is not prohibited by § 362(a)(1). *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 63 n.1 (9th Cir. 2011); *see also Susino v. Air & Liquid Sys. Corp.*, No. C21 -38, 2023 WL 4546241, at *4 (D.V.I. July 14, 2023) (agreeing "with the wealth of guidance from our sister courts," which have concluded that "motions to remand do not run contrary [to] the underlying purpose of the bankruptcy stay"); *Sargeant v. Hess Corp.*, No. C22-12, 2023 WL 2665717, at *2 (D.V.I. Mar. 28, 2023) ("in 'remanding the lawsuit to state court, a district court expresses no opinion regarding the merits of the plaintiff's claim[; it] . . . merely determines that the appropriate forum for litigating the merits of the plaintiff's claim is a state court of general jurisdiction'" (alterations added, quoting *Schaffer v. Atl. Broad. of Lindwood NJ LLC*, No. C10-5449, 2011 WL 1884734, at *4 (D.N.J. May 17, 2011)); *Hudgens v. Deer Valley Home Builders, Inc.*, No. C09-417, 2009 WL 2878052 (W.D. La. Sept. 4, 2009); *Hearn v. New Prime, Inc.*, No. C09-81, 2009 WL 10700524, at *1 (W.D. Tex. July 1, 2009) (observing that "a number of courts have determined that a district court 'may remand a civil action removed on the basis of diversity jurisdiction when one of the debtor-defendants filed a post-removal bankruptcy petition, regardless of the automatic stay provision'"). Remand is appropriate as to Plaintiff's claims against the Debtors.

//

SECOND ORDER REMANDING ACTION - 2

For the foregoing reasons, the Court ORDERS:

(1) The remaining portion of this case, namely Plaintiff's claims against Water Station Management, LLC and Refreshing USA, LLC, is REMANDED to Snohomish County Superior Court, effective fourteen (14) days after the date of this Order;

(2) The Snohomish County Superior Court Clerk is hereby ADVISED that the related or applicable Snohomish County Superior Court Case Number is 24-2-05545-31, *see* Dkt. No. 19; and

(3) The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to Defendant Ryan Wear *pro se*, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 9th day of December 2024.

Tana Lin
United States District Judge

SECOND ORDER REMANDING ACTION - 3